[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11190

Non-Argument Calendar

_____

THEODORE D. KARANTSALIS,

Plaintiff-Appellant,

*versus*

CITY OF MIAMI SPRINGS, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24123-CMA

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Theodore Karantsalis appeals from the denial of his motion for entitlement to attorney's fees and costs. Karantsalis contends that the district court erred in not classifying him as the prevailing party when most of the modifications he sought under Title II of the Americans with Disabilities Act (ADA) were executed prior to a bench trial on the remaining outstanding modifications. After careful review, we affirm.

This appeal stems from a long back-and-forth between Karantsalis and the City of Miami Springs. On Karantsalis' first appeal, we ultimately decided that injuries under the ADA accrue when a person becomes injured by a discriminatory barrier or practice—not at the time of the qualifying diagnosis. *Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1324–25 (11th Cir. 2021) (per curiam). Therefore, Karantsalis had standing to bring his ADA claims. The claims centered on barriers to accessing programs and services of Miami Springs under Title II of the ADA. While Miami Springs defended its position on the barriers pre-trial and post-the first appeal, it also remediated multiple barriers leading up to the day before trial. Three barriers remained the subject of what was argued at trial, and Miami Springs prevailed on the remaining claims. After the entry of the verdict, Karantsalis moved for attorney's fees and costs as a "prevailing party" under *Buckhannon Board and Home Care, Inc. v. West Virginia Department of Health & Human*

*Resources*, 532 U.S. 598, 604 (2001).  The district court denied this motion, stating there had not been the necessary change in the legal relationship between the parties.  Karantsalis timely appealed.

In reviewing a district court's prevailing party determination, we review the district court's underlying factual findings for clear error but review de novo the legal question of whether those facts suffice to render a party a "prevailing party." *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1297 (11th Cir. 2021).

A prevailing party eligible for attorney's fees is "one who has been awarded some relief *by the court*." *Buckhannon*, 532 U.S. at 603 (emphasis added).  We recently clarified in *Royal Palm Props., LLC v. Pink Palm Props., LLC*, that there are two requirements that must be met to be considered a prevailing party: (1) "the party must be awarded some relief on the merits of its claim *by the court*"; and (2) "the party must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties." 38 F.4th 1372, 1376 (11th Cir. 2022) (emphasis added).

Karantsalis claims that, despite the district court entering final judgment in favor of Miami Springs at the bench trial, Karantsalis is the prevailing party and, as such, entitled to attorney's fees.  To meet both *Royal Palm Properties* requirements, Karantsalis points to our favorable decision in his first appeal which addressed his standing to bring his claims under the ADA. *Karantsalis*, 17 F.4th at 1319.  He urges that he prevailed on the merits when the district court's standing determination was reversed by our court, which, in turn, altered the legal relationship

with Miami Springs.  Karantsalis maintains this change in relationship is demonstrated by the actions of Miami Springs in altering most of the barriers complained of prior to the bench trial date.

Karantsalis' argument is unavailing.  First, as reflected in the district court's well-reasoned decision,[1] a standing determination is not a determination on the merits—instead, it is a jurisdictional decision. *See Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1381 n.10 (11th Cir. 2019).  Second, there was no relief awarded *by the court* as required by *Buckhannon* and its progeny.  *See* 532 U.S. at 603; *Royal Palm Properties*, 38 F.4th at 1376.  Therefore, both *Royal Palm Properties* prongs are not met, and Karantsalis is not a prevailing party nor entitled to attorneys' fees.

We affirm the district court's order denying Karantsalis' motion for entitlement to attorney's fees and costs.

**AFFIRMED.**

---

[1] *Karantsalis v. City of Miami Springs*, No. 1:19-cv-24123, slip op. at 2 (S.D. Fla. Mar. 28, 2023).